JAMES S. TERRELL, ESQ. (CSBN: 170409)
LAW OFFICE OF JAMES S. TERRELL
15411 Anacapa Road
Victorville, CA 92392
(760) 951-5850 – Telephone
(760) 952-1085 – Facsimile
Email: jim@talktoterrell.com

SHARON J. BRUNNER, ESQ. (CSBN:229931)
LAW OFFICE OF SHARON J. BRUNNER
14393 Park Avenue, Suite 100
Victorville, CA 92392
(760) 243-9997- Telephone
(760) 843-8155- Facsimile
Email: sharonjbrunner@yahoo.com

Attorneys for PLAINTIFFS

## UNITED STATES DISTRICT COURT FOR THE

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LOUIE SORIA, individually and as successor-in-interest as father of Decedent Isaac Soria, MARIA SORIA, individually and as successor-in-interest as mother of Decedent Isaac Soria.**<br><br>**Plaintiffs,**<br><br>**vs.**<br><br>**COUNTY OF SAN BERNARDINO, SHERIFF SHANNON DICUS, and DOES 1-10, inclusive,**<br>**Defendants.** | **Case Number:**<br><br>**COMPLAINT FOR DAMAGES 42 U.S.C. 1983 CIVIL RIGHTS and PENDENT STATE ACTIONS**<br><br>**Filed Concurrently with Declaration of Louie Soria pursuant to Cal. Civ Cod. 377.32, Declaration of Maria Soria pursuant to Cal. Civ Cod. 377.32 and Death Certificate of Isaac Soria.**<br><br>**DEMAND FOR JURY TRIAL** |

## I.

## JURISDICTION OF VENUE

1. This is a civil rights wrongful death/survival action brought for the redress of alleged

Complaint for Damages

deprivations of constitutional rights as protected by 42 U.S.C. § § 1983, 1985, 1986, 1988, and the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S. § § 1331, 1343, and 1367.

2.     Venue is properly within this District under 28 U.S.C. § 1391(b) because all of the events and transactions giving rise to this action took place in San Bernardino County, California.

## II.

## NATURE OF THE ACTION

3.     This wrongful death, civil rights, and survival action seeks compensatory and punitive damages from the COUNTY OF SAN BERNARDINO, SHERIFF SHANNON DICUS, and DOES 1-10 violation of various rights under the United States Constitution and state law in connection with the police killing of 29-year-old Isaac Soria, on or about October 9, 2021

4.     The killing of Isaac Soria was seen by multiple witnesses, and afterwards was featured prominently on local news.

6.     Plaintiffs Louie and Maria Soria commences this action individually and on behalf of their son, Decedent Isaac Soria. This case is in the public interest.

## III.

## PARTIES

7.     At all relevant times, Isaac Soria ("Decedent" or "Mr. Soria") was a 29-year-old residing in County of San Bernardino, State of California at the time he was killed on October 9, 2021, he resided with his parents in Rancho Cucamonga, California, in the County of San Bernardino.

Complaint for Damages

8.    Plaintiff Maria Soria sues both in her individual capacity as the parent of Decedent, in a representative capacity as Personal representative of Decedent's, her son's Estate, and as a Successor in Interest of her son Decedent, pursuant to California Code of Civil Procedure § 377.60 and § 377.30, and federal civil rights law. Plaintiffs herein brings these claims pursuant to California Code of Civil Procedure section 377.20 et seq. And 377.60 et seq. Which provide for survival and wrongful death actions. These claims are also brought individually and on behalf of Isaac Soria deceased, on the basis of 42 U.S.C. § § 1983 and 1988, the United States Constitution, and federal state civil rights law.

9.    Plaintiff, Louie Soria, sues both in his individual capacity as the parent of Decedent, and in a representative capacity as Personal representative of Decedent's and as a Successor in Interest of their son Decedent, pursuant to California Code of Civil Procedure § 377.60 and § 377.30, and the federal civil rights law. Plaintiffs herein brings these claims pursuant to California Code of Civil Procedure section 377.20 et seq. And 377.60 et seq. Which provide for survival and wrongful death actions. These claims are also brought individually and on behalf of Isaac Soria deceased, on the basis of 42 U.S.C. § § 1983 and 1988, the United States Constitution, and federal state civil rights law.

10.    At all times mentioned in this Complaint, Plaintiff Louie Soria has been residing in the County of San Bernardino, State of California.

11.    At all times mentioned in this Complaint, Plaintiff Maria Soria has been residing in the County of San Bernardino, State of California.

12.    Defendant County of San Bernardino is a municipality organized and existing under the laws of the State of California. It is a local government entity and is not an arm of the State of California for Eleventh Amendment purposes.

Complaint for Damages

13.     Defendant Sheriff Shannon DICUS is the County of San Bernardino Sheriff and is being sued in his official capacity. DICUS is a resident of San Bernardino County.

14.     At all relevant times, each of the Defendants Does 1-10, inclusive, were  law enforcement  officers and/or a managerial, supervisorial, and policymaking employee of the State of California, COUNTY OF SAN BERNARDINO, SHERIFF SHANNON DICUS, and DOES 1-10, who were acting under color of law within the course and scope of their duties as a police officer and/or managerial, supervisorial, and policymaking employee for the COUNTY OF SAN BERNARDINO, SHERIFF SHANNON DICUS, and DOES 1-10, and with the complete authority and ratification of his or her principal , County of San Bernardino, or San Bernardino County of Sheriff's Office. Defendants Does 1-10 caused Decedent's and Plaintiffs' injuries by attacking and killing the Decedent, by integrally participating or failing or intervene in the attack, and by engaging in other acts/or omissions around the time of the attack that resulted in Decedent's death.

15.     In doing acts and failing and omitting to act as hereinafter described, Does 1-10 were acting on the implied and actual permissions and consent of, as well as pursuant to the actual customs, policies, practices and procedures of, the COUNTY OF SAN BERNARDINO, SHERIFF SHANNON DICUS, and DOES 1-10.

16.     At all times mentioned herein, each and every Defendant was the agent servant, employee, partner, joint venture, co-conspirator, and/or alter ego of each and every other Defendant and in doing the things herein alleged, was acting within the course and scope of that relationship.

17.     Plaintiffs further informed and believes, and thereon alleges, that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as

4

Complaint for Damages

alleged herein, except as may be hereinafter otherwise specifically alleged. At all material times, each Defendant was jointly engaged in tortious activity, resulting in the deprivation of Plaintiffs' and Decedent's constitutional rights and other harm.

18.     The true names and capacities of Defendants sued herein Does 1 through 10, inclusive are unknown to Plaintiffs and Plaintiffs therefore sues these Defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. Each of the fictitious-named Defendants is responsible in some manner for the conduct and liabilities alleged herein.

19.     Plaintiffs are informed and believe and thereon alleges that each of the Defendants herein was negligently, wrongfully, and otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiffs. Further, one of more DOE Defendants was at all material times responsible for the hiring, training, supervision, and discipline of other Defendants, including Doe Defendants.

20.     This complaint may be plead in the alternative pursuant to Federal Rule of Civil Procedure 8(d)(2).

## IV.
## EXHAUSTION OF ADMINISTRATIVE REMEDY

21.     Plaintiffs timely and properly filed tort claims pursuant to California Government Code section 910 et seq., and this action is timely filed within all applicable statutes of limitation.

22.     Around April 8, 2022, Plaintiffs filed comprehensive and served timely claims for damages with the COUNTY OF SAN BERNARDINO, SHERIFF SHANNON DICUS, and DOES 1-10, pursuant to applicable to sections of the California Government Code.

Complaint for Damages

23.    The County of San Bernardino and County of San Bernardino Sheriff's Department denied Plaintiffs' claims on May 4, 2022.

## V.

## FACTS

24.    The foregoing allegations are incorporated as if re-alleged herein.

25.    On October 9, 2021, Isaac ("ISAAC") Louie Soria, who was 29 years of age, was at his home, along with his mother (MARIA SORIA) located at 11040 Carlow Court, Rancho Cucamonga, California. ISAAC who suffered from a diagnosed mental illness and was having a difficult day in which he was experimenting delusions and was paranoid.

26.    MARIA SORIA remained at her home with her son ISAAC and was able to keep him calm and discussed her son's delusions and behavior with her husband LOUIE SORIA, who is her husband and the father of ISAAC. MARIA believed that she needed a mental health clinician to assist ISAAC.

27.    LOUIE SORIA, who had been involved in discussions with his wife MARIA and their son ISAAC, via telephone, decided to call the San Bernardino's Sheriff's Department's non-emergency number asking that they provide a mental health clinician that would come to their home.   At no time was ISAAC threatening harm to himself or others, including MARIA SORIA at the time of this telephone call to the non-emergency number at the Sheriff's Department.

28.    At approximately 2:02 p.m. Law enforcement from the San Bernardino County Sheriff's Department was at the home of the SORIA family. At the time of their arrival, San Bernardino Deputies were present with no mental health clinicians. The

Complaint for Damages

call to the non-emergency number was for assistance obtaining a mental health clinician, there was no request for law enforcement assistance.

29.     The initiating officers were advised by MARIA SORIA, that there was no danger to her or anyone, MARIA SORIA informed the Deputy and that the request was for a mental health provider and that no crime had been committed and sen did not want her son detained or arrested. MARIA SORIA spoke with another Deputy and informed that law enforcement officer that there was no danger, no crime and that she did not want her son arrested.  Shortly thereafter, San Bernardino County Deputies advised that they agreed there was no danger and no crime and said that they were departing as they had no mental health providers.

30.     Prior to leaving the home, one of SORIA'S neighbors spoke to one of the deputies. After the neighbor spoke with law enforcement the deputies advised that they were not leaving. (The San Bernardino deputies name are unknown but for the purpose here, the responding Deputies are DOES 1-5; are policy makes and decision makers, DOES 6-10.)    After stating that they were not leaving, the attitude, aggressiveness, and increased numbers of law enforcement escalated the situation. MARIA SORIA who had been comforting her son, was advised she could not return to her home. At all times law enforcement increase their numbers and interfered with ISAAC and MARIA SORIA (mother's) communication with her son. Maintaining a calm communication with her son was assisting ISAAC from a mental crisis.

31.     The escalation of police presence and aggressive tactical actions continued. At no time was MARIA allowed to return to her home. MARIA was not allowed to speak and/or calm her son down, who was now alone and receiving commands from SAN BERNARDINO'S Specialized Enforcement Bureau ("SEB").

Complaint for Damages

32.     The Deputies continued to operate giving commands and other aggressive actions that were horrifying to MARIA SORIA who advised that their conduct was escalating the risk of harm to her son who was suffering from paranoia. LOUIE SORIA was shocked that his non-emergency call had become a SWAT response. The Deputies had arrived without any mental health providers and were escalating a non-emergency mental health issue into a dangerous life-threatening situation.

33.     The San Bernardino Sheriff Department escalated the situation and removed the only person present who could calm ISAAC, his mother MARIA SORIA. ISAAC who remained in the house was now a "so-called" barricaded suspect.  The Sheriff deputies had turned a mental health call into a criminal barricade, creating a dangerous situation.

34.     Based upon information and belief, it is believed that the communication that was established by San Bernardino Sheriff Department did not include the history of ISAAC mental history or his treatment, medication or any necessary and needed treating doctors' information. The failure to allow communication with his mother and the failure to obtain psychiatric guidance was consistent with violations of the ADA and unconstitutional training and training.

35.     The Sheriff's Department had requested that MARIA SORIA talk to her son and to tell him to surrender. The Deputy directing the conversation told her, what to say and wanted to know, what did her son tell her. The conversation was controlled and not helpful to the mother, MARIA SORIA, or to the confused son, ISAAC SORIA.

36.     The San Bernardino Sheriff Department shot and killed ISAAC SORIA. At the time of the deadly shot, ISAAC was not threatening any individual. The time that the

Complaint for Damages

shot was taken there was no imminent danger. The use of deadly force was unnecessary and unlawful without justification.

37.    The PLAINTIFFS suffer and continue to suffer from the loss of their son. The tragic death and loss of life, along with the pain and suffering of the DECEDENT are the result of asking the San Bernardino Sheriff for some assistance on the non-emergency telephone number.

## VI.

## FIRST CAUSE OF ACTION

## 42 U.S.C. § 1983 §1988 CIVIL RIGHTS VIOLATIONS:

### Fourth Amendment – Excessive Force; Wrongful Death

### (By Plaintiffs against All Defendants)

38.    Plaintiffs incorporate by reference herein all allegations set forth above.

39.    Defendants used deadly force, including, but not limited to shooting and killing the Decedent.

40.    Defendants knew that Decedent was unarmed and was not a threat to anyone including the officers themselves. Defendants used excessive and deadly force against Plaintiffs without legal justification or excuse.

41.    Defendants were acting under color of law and were acting or purporting to act in the performance of their official duties as employees for SAN BERNARDINO COUNTY.

42.    Defendants deprived Decedent and Plaintiffs of rights, privileges and immunities secured to them by the Fourth Amendment of the United States Constitution in subjecting Decedent to excessive and unreasonable force. Said wrongful, illegal, and unconstitutional conduct by Defendants is a proximate cause of the losses and damages sustained by Plaintiffs, as hereinafter alleged, in that they are knowing and willfully

9

used deadly force against a driver who had not committed any crime, and was not a danger to anyone, when he was shot by DOES 1-5, without provocation, necessity, or justification.

43. The attack and shooting of Decedent was excessive and unreasonable, especially because Decedent was unarmed, the Decedent was vastly outnumbered by the Defendants, and the Decedent did not pose an imminent threat of death or serious bodily injury to the Defendants or to anyone else.

44. As a result of the deadly force of the Defendants, Decedent died.

45. The conduct of the Defendants was willful, wanton, malicious, and done with restless disregard to the rights and safety of Decedent and therefore warrants the imposition of exemplary and punitive damages as to each of them.

46. Each of the Defendants integrally participated in, or failed to intervene in, the conduct described above.

47. Defendants' use of excessive force caused Decedent's death.

48. As a direct and proximate result of Defendants' actions described above, DECEDENT sustained injuries, suffered, underwent medical treatment and died, damages as set forth in the Damages section of this complaint.

## VII.

## SECOND CAUSE OF ACTION

### Substantive Due Process 42 U.S.C. § 1983)

### (By PLAINTIFFS against All Defendants)

49. The forgoing allegations are incorporated as if re-alleged herein.

50. Plaintiffs had a cognizable interest under the Due Process Clause of Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, property in such a manner as to the shock the conscience, including

Complaint for Damages

but not limited to, unwarranted state interference in her familial relationship with their son, Decedent.

51.    Decedent had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of his right to life, liberty, or property in such a manner to shock the conscience.

52.    The aforementioned actions of the Defendants Does 1-10, along with other undiscovered conduct, shock the conscious, in that they acted with deliberate indifference to the constitutional rights of Decedent and Plaintiffs, with purpose to harm unrelated to any legitimate law enforcement objective.

53.    The conduct of the Defendants that shocks the conscience includes, but is not limited to: the decision to seize the Decedent, the Decedent; the manner in which the seizure was conducted; using deadly force against an unarmed person; using deadly against a non-dangerous person; using deadly force against a suffering a brief mental crises; using deadly force against a person when that person did not pose a threat; the negligent performance of accessing an individual with mental disorders; negligent decision to shot the decedent contrary to generally accepted reasonable police procedures and tactics; integrally participating in or failing to intervene in the above misconduct ;  and all of the above acts together.

54.    The defendants acted under color of state law, each an employee(s) of San Bernardino County.

55.    The Defendants violated the substantive due process rights of Plaintiffs to be free from unwarranted interference with her familial relationship with Decedent.

56.    The conduct of the Defendants was the cause of Decedent's death.

Complaint for Damages

57.    As a direct and proximate result of Defendants' action described above, Plaintiffs sustained injuries and damages as set forth in the Damages section of this complaint.

## VIII.

## THIRD CAUSE OF ACTION

## (42 USD § 1983 - SURVIVAL ACTION;)

## (By PLAINTIFFS against All Defendants)

58.    Plaintiffs incorporate by reference herein all allegations set forth above, and by this reference incorporates the same herein and makes each a part hereof as though fully set forth.

59.    Plaintiff Louie Soria, is the natural father sues individually and as the successor in interest to the decedent Isaac Soria.

60.    Plaintiff Maria Soria, is the natural mother sues individually and as the successor in interest to the decedent Isaac Soria.

61.    As a result of the deliberate indifference, reckless indifference and/or negligence of Defendants 1-10as fully described above, Isaac Soria suffered damages as set forth in the Damages section of this complaint, including pain and suffering.

## IX.

## FOURTH CAUSE OF ACTION

## (Municipal Liability - Ratification (42 U.S.C. § 1983)

## (By ALL PLAINTIFFS against COUNTY, SHERIFF DICUS and DOES 5-10 Defendants)

12

Complaint for Damages

62.     Plaintiffs incorporate by reference herein all allegations set forth above, and by this reference incorporates the same herein and makes each a part hereof as though fully set forth.

63.     The Defendants acted under color of state law.

64.     The acts of Defendants deprived the Decedent and Plaintiffs of their particular rights under

the United States Constitution.

65.     Upon information and belief, the COUNTY of San Bernardino, Sheriff DICUS and DOES 6-10, were the final policymakers, acting under color of law, who had final policymaking authority concerning the acts of Defendants, ratified (or will ratify) the Defendants' acts and the bases for them. Upon information and belief, the final policymaker knew of specifically approve of (or will specifically approve of) the Defendants' acts

66.     Upon information and belief, a final policymaker has determined (or will determine) that the acts of the Defendants were "within policy".

67.     By the reason of the aforementioned acts and omissions, Plaintiffs have suffered and continue to suffer, and/or will suffer injuries and damages as set forth in the Damages section of this complaint.

## **X.**

## **FIFTH CAUSE OF ACTION**

### **(Violation of the American with Disabilities Act)**

### **(By PLAINTIFFS against DEFENDANT SAN BERNARDINO)**

68.     Plaintiffs incorporate by reference herein all allegations set forth above, by this reference incorporates the herein and makes each a part hereof as though fully set forth

Complaint for Damages

69.     PLAINTIFFS allege as a claim for relief that the DEFENDANTS, in violation of the ADA, failed to provide the DECEDENT with any reasonable accommodations to his known disabilities in their interactions with the DECEDENT on the day of the incident, starting with the first original telephone call and through the time of the fatal gunshot to ISAAC'S body.

70.     Defendants threatened and committed violent acts against Decedent, who was suffering a mental health crisis. The failure to seek de-escalation techniques and tactics based upon a mental health issue resulted in the death of ISAAC.

71.     A motivating reason for Defendants' conduct was their perception of Decedent's disability.

72.     As providers of governmental services, the County of San Bernardino had a duty to comply with Title II of the ADA prohibiting discrimination against people with disabilities, a history of having disabilities or who are perceived as having a disability. As of the date of the death of ISAAC, all three prongs of eligibility for application of ADA were met.

73.     Both Decedent and Plaintiffs were harmed by the above actions.

74.     Defendants' conduct cause or was a substantial factor in causing Decedent's and Plaintiffs' harm.

75.     Defendants, and each of them, aided, incited, or conspired to deny Decedent and Plaintiffs their rights protected under the Americans with Disability Act.

76.     As a direct and proximate result of the Defendant County of San Bernardino County violation of the ADA, DECEDENT and PLAINTIFFS incurred substantial emotional and physical harm.

Complaint for Damages

77.    By reason of the aforementioned acts and omissions, Plaintiffs and DECEDENT have suffered extreme pain and continues to suffer injuries and damages as set forth in Damages section this complaint.

///

///

## XI. SIXTH CAUSE OF ACTION

### (Violation of the Bane Civil Rights Act)

### By PLAINTIFFS Against All Defendants

78.    Plaintiffs incorporate by reference herein all allegations set forth above, and by that reference incorporates the same herein and makes each a part hereof and though fully set forth.

79.    On or about the above stated dates, Defendants and each of them violated Decedent's and Plaintiffs' civil rights, guaranteed by the United States Constitution, federal law, the California Constitution, and the laws of the State of California thereby violating California Civil Code Sections 52, 52.1(a) and 52.1(b).

80.    Defendant intentionally interfered with Decedent's and Plaintiffs' civil rights by committing international and repeated violent acts of upon the Decedent.

81.    Defendants interfered with or attempted to interfere with Plaintiffs' and Decedent's right to be free from state actions that deprive them of life, liberty, or property by threatening or committing violent acts.

82.    Defendants interfered with or attempted to interfere with Plaintiffs' right to be free from unwarranted interference with their familial relationship with Decedent by threatening or committing violent acts.

Complaint for Damages

83.    Defendants injured Plaintiffs and Decedent to prevent them from exercising the above-mentioned rights or retaliate against theme for having exercised the above-mentioned rights.

84.    Plaintiffs and Decedent were harmed.

85.    Defendants' conduct caused or was a substantial factor in causing Plaintiffs' and Decedent's harm.

86.    By the reason of the aforementioned acts and omissions, Decedent and Plaintiffs have suffered and continues to suffer injuries and damages as set forth in the Damages section of this complaint, including treble damages.

## XII. SEVENTH CAUSE OF ACTION

### (Assault (Cal. Govt. Code § 820 and California Common Law))

### (Wrongful Death)

### (By Plaintiffs Against All Individual Defendants)

87.    Plaintiffs incorporate by reference herein all allegations set forth above, by this reference incorporates the same herein and makes each a part hereof as though fully set forth.

88.    Defendants acted, intending to cause and did cause Decedent to suffer apprehension of an immediate harmful contact.

89.    Decedent reasonably believed that he was about to be touched in a harmful or an offensive manner.

90.    Defendants threatened to touch Decedent in a harmful or an offensive manner.

91.     It reasonably appeared to Decedent that Defendants were about to carry out the threat.

92.    Decedent did not consent to Defendants 1-10's conduct.

Complaint for Damages

93.     Decedent and Plaintiffs were harmed.

94.     Defendants' conduct caused or was a substantial factor in causing Decedent's and Plaintiffs' harm.

95.     The intentional and reckless acts of Defendants in committing an assault upon Decedent were willful, malicious, oppressive, and in conscious disregard of Plaintiffs' rights.

96.     As a proximate cause of the unlawful assault by Defendants, Decedent was severely injured and killed, thereby causing Plaintiffs and Decedent to sustain the losses and damages as alleged in this complaint.

97.     By reason of the aforementioned acts and omissions, Plaintiffs have suffered and continues to suffer injuries and damages as set forth in the Damages section of this complaint.

## XIII.

## EIGHTH CAUSE OF ACTION

### (Battery (Cal. Govt. Code § 820 and California Common Law)

### (Wrong Death)

### (By PLAINTIFFS against All Defendants)

98.     Plaintiffs incorporate by reference herein all allegations set forth above, and by this reference incorporates the same herein and makes each a part hereof as though fully set forth.

99.     The Defendants, while working as police officers for the San Bernardino County Sheriff's Department and acting within the course and scope of their duties, intentionally attacked and brutalized Decedent repeatedly with department-issued weapons.

17

Complaint for Damages

100.   Defendants intentionally, willfully and recklessly committed a battery on the person of the Decedent, deliberately intending to cause severe injury to the person of Decedent.

101.   Defendants Does 1-10 threatened to kill Decedent with the intent to harm or offend him and ultimately shot and killed him.

102.   Decedent never consented to have the Defendants touch or attack him as described above.

103.   Decedent was harmed by Defendants' conduct.

104.   The actions of the Defendants caused the Decedent severe pain and suffering and loss of enjoyment of life, and he ultimately died from his injuries. The Defendants did not have legal justification for using deadly force against the Decedent and said use of deadly force against Decedent was objectively unreasonable.

105.   A reasonable person in Decedent's situation would have been offended by the touching and offended by the unnecessary attack.

106.   As a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs have suffered and continues to suffer injuries and damages as set forth in the Damages section of this complaint.

## XIV.

## NINTH CAUSE OF ACTION

**(Negligence (Cal. Govt. Code § 820 and California Common Law)**

**(Wrongful Death)**

**(By PLAINTIFFS Against All Defendants)**

Complaint for Damages

107. Plaintiffs incorporate by reference herein all allegations set forth above, and by this reference incorporates the same herein and makes each a part hereof as though fully set forth.

108. The Actions and inactions of the Defendants were negligent and reckless, including but not limited to:

a. the failure to properly and adequately assess the need to detain, arrest, and use force or deadly force against Decedent.

b. The Defendants used negligent tactics in handling of the situation with Decedent, including pre-shooting negligence;

c. the negligent detention, arrest, and use of force, including deadly force, against Decedent;

d. the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of Decedent;

109. As a result of Defendants' negligence as alleged above, and other undiscovered negligent conduct, Decedent lost his life.

110. Defendants' negligence as alleged above, and other undiscovered negligent conduct, caused or was a substantial factor in causing Plaintiffs' and Decedent's harm.

111. Defendants are vicariously liable for the wrongful acts of the Defendants pursuant to section 815.2(a) of the California Government Code, which provided that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

112. By reason of the aforementioned acts and omissions, Plaintiffs have suffered and continues to suffer injuries and damages as set forth in Damages section of this complaint.

19

Complaint for Damages

# XV.

## TENTH CAUSE OF ACTION

### (Negligent Hiring, Training and Retention)

### (By PLAINTIFFS Against COUNTY, Sheriff DICUS and Defendants DOES 6-10)

113. Plaintiffs incorporates by reference herein all allegations set forth above, by this reference incorporates the same herein and makes each a part hereof fully set forth.

114. Defendants COUNTY of San Bernardino, Sheriff DICUS and DOES 6-10, policy makers possessed the power and authority to hire and fire employees/ Defendants.

115. Defendants negligently hired and trained the Defendants.

116. Defendants were unfit or incompetent to perform the work for which they were hired.

117. By virtue of the foregoing, Defendants negligently and carelessly engaged in the following acts and omissions, among other things:

a. Failing to adequately train its officers in the use of force, as well as constitutional limitations in the use of force.

b. Failing to adequately train its officers in identifying a person that presents a threat of force or violence, as opposed to one that does not.

c. Failing to adequately investigate background, training and experience as a security officer and his propensity for violence.

d. Failing to provide adequate supervisory control over the actions of its officers in regard to adequate training, supervision, equipment, planning, oversight, and administration.

Complaint for Damages

e.    Failing to control the conduct of its officers who have a known propensity for violence and in failing to discipline its officers.

f.    Failing to investigate in good faith, allegations of excessive and unreasonable use of force by its officers;

g.    Failing to discipline its officers who use excessive and unreasonable force; and;

h.    Sanctioning, condoning and approving a custom and practice of a code of silence, cover up, and dishonesty.

118.    Defendants knew or should have known that Defendants were unfit or incompetent and that this unfitness or incompetence created a particular risk to others.

119.    Defendants' unfitness and incompetence harmed Plaintiffs and Decedent.

120.    Defendants' negligence in hiring, supervising and/or retaining Defendants is the cause or was substantial factor in causing Plaintiffs and Decedent's harm.

121.    By the reason the aforementioned acts and omissions of Defendants and Does 1 through 10, inclusive, Plaintiffs have suffered and continues to suffer injuries and damages set forth in the Damages section of this complaint.

## XVI.

## ELEVENTH CAUSE OF ACTION

### (Public Entity Liability - Failure to Train 42 U.S.C § 1983)

### (By PLAINTIFFS Against Defendant COUNTY)

122.    Plaintiffs incorporate by reference herein all allegations set forth above, by this reference incorporates the same herein and makes each a part herein as though fully set forth.

123.    The Defendants acted under color of state of law.

Complaint for Damages

124.    The acts of Defendants deprived the Decedent and Plaintiffs of their civil rights under the United States Constitution as a result of Defendants' failure to train Defendants.

125.    The training policies and programs of the Defendant San Bernardino County, County of San Bernardino, and San Bernardino County Sheriff's office were not adequate to train its officers to properly handle the usual and recurring situations with which they must deal.

126.    The Defendants were deliberately indifference to the need to train officers adequately.

127.    The failure of the Defendants to provide adequate and proper training caused by deprivation of the Decedent's and Plaintiffs' rights.

128.    Decedent and Plaintiffs were harmed by the aforementioned actions and omissions.

129.    The Defendants' failure to adequately train caused or was a substantial factor in causing the Decedent's and Plaintiffs' harm.

130.    The Defendants' failure to adequately rain is so closely related to the deprivation of the Decedent's and Plaintiffs' right as to be the moving force that caused the ultimate injury.

131.    By reason of the aforementioned acts and omissions, Plaintiffs have suffered, continues to suffer, and/or will suffer injuries and damages as set forth in the Damages section of this complaint.

///

///

///

///

Complaint for Damages

# XVII.

## DAMAGES

132. Plaintiffs incorporate by reference herein all allegations set forth above, and by this reference incorporates the same herein and makes each a part hereof and though fully set forth.

133. Plaintiffs brings this claim individually and as Successors in Interest to Decedent, and Representative of Decedent's, Isaac Soria's, and seeks both survival and wrongful death damages for violation of Decedent's rights.

134. As a direct and proximate result of each Defendants' acts and/or omissions as set forth above, Plaintiffs have been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of Decedent, and will continue to be deprived for the remainder of their natural life.

135. As a further proximate result of the above-described acts and omissions of Defendants, and each of them, Plaintiffs have been deprived of the financial support of Decedent, who died unmarried. Plaintiffs was financially dependent on Decedent for the necessaries of life and as su0ch, Plaintiffs will continue to incur the lifelong loss of Decedent's financial support in the future and for the remainder of her natural life, in an amount according to proof, and all to their financial detriment.

136. In addition, Plaintiffs sustained the following injuries and damages, past and future including:

a.      Wrongful death of Isaac Soria;

b.      Conscious extreme pain, suffering, fear of impending death, cruelty, humiliation, degradation, misery, and loss of personal safety;

c.      Hospital, paramedics, and mother medical expenses;

d.      Coroner's fees, funeral and burial expenses;

Complaint for Damages

e.     Loss of familial relationships, including loss of love, companionship, comfort, affection, society, services, solace, and moral support;

f.     Loss of financial support;

g.     Violation of constitutional rights;

h.     All damages, attorneys' fees, and penalties recoverable under 42 U.S.C. §(s) 1983 and 1988, and as otherwise allowed under California and United States statues, code, and common law;

i.     Isaac Soria's loss of life, pursuant to federal civil rights law; and

j.     Isaac Soria's conscious pain and suffering, pursuant to federal civil rights law.


## XVIII.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs requests entry of judgment in their favor and against all Defendants, jointly and severally, as follows:

1.     For compensatory and exemplary damages in an amount according to proof and which
         is fair, just and reasonable;

2.     For funeral and burial expenses, and loss of financial support;

3.     For general damages according to proof at the time of trial;

4.     For medical and related expenses according to proof at the time of trial;

5.     For punitive damages under 42 U.S.C. § 1983 and California law in an amount according to proof and which is fair, just, and reasonable, against all Defendants in their individual capacity

6.     For all other damages, penalties, costs, interest, and attorney fees as allowed by 42 U.S.C § § 1983 and 1988; California Code of Civil Procedure sections 377.20 et.

Complaint for Damages

seq. 377.60 et seq., and 1021.5; California Civil Code sections 52 et seq 52.1, and otherwise may be allowed by California and/or federal law;

7.      For reasonable costs of this suit and attorney's fees;

8.      For injunctive relief as the Court may deem just, proper, appropriate; and

9.      For such further other relief as the Court may deem just, proper, and appropriate.

Dated:   11/04/2022_____

**LAW OFFICES OF SHARON J. BRUNNER**

*/s/ Sharon J. Brunner*
*Attorney for Plaintiffs*

Dated:   11/04/2022_____

**LAW OFFICES OF JAMES S. TERRELL**

*/s/ James. S. Terrell*
*Attorney for Plaintiffs*

///

///

///

///

25

Complaint for Damages

# XIX.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury pursuant to Federal Rule of Civil Procedure 38.

Respectfully Submitted,

Dated: _11/04/2022_____

**LAW OFFICES OF SHARON J. BRUNNER**

*/s/ Sharon J. Brunner*
*Attorney for Plaintiffs*

Dated: _11/04/2022_____

**LAW OFFICES OF JAMES S. TERRELL**

*/s/ James. S. Terrell*
*Attorney for Plaintiffs*

Complaint for Damages