Eugene P. Ramirez (State Bar No. 134865)
 eugene.ramirez@manningkass.com
Kayleigh Andersen (State Bar No. 306442)
 kayleigh.andersen@manningkass.com
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants, COUNTY OF SAN BERNARDINO and SHERIFF SHANNON DICUS

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| LOUIE SORIA, individually and as successor-in-interest as father of Decedent Isaac Soria, MARIA SORIA, individually and as successor-in-interest as mother of Decedent Isaac Soria<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN BERNARDINO, SHERIFF SHANNON DICUS, and DOES 1-10, inclusive<br><br>Defendant. | **Case No. 5:22-CV-01958-JGB-KK**<br><br>*[The Hon. Jesus G. Bernal; The Hon. Kenly Kiya Kato]*<br><br>**STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS**<br><br>*Complaint Filed:   11/04/2022*<br>*FAC Filed:         03/02/2023* |

**TO THE HONORABLE COURT:**

By and through their counsel of record in this action, plaintiffs LOUIE SORIA, individually and as successor-in-interest as father of Decedent Isaac Soria, MARIA SORIA, individually and as successor-in-interest as mother of Decedent Isaac Soria ("Plaintiffs") and defendants COUNTY OF SAN BERNARDINO and SHERIFF SHANNON DICUS ("Defendants") – the parties – hereby stipulate for the purpose of jointly requesting that the honorable Court enter a protective order re confidential documents in this matter [and pursuant to Fed. R. Civ. P. 5.2, 7, and 26; and any applicable Orders of the Court] – as follows:

**GOOD CAUSE STATEMENT**

**1.      GOOD CAUSE STATEMENT**.

1.1.   Contentions re Harm from Disclosure of Confidential Materials.

Defendants contend that there is good cause and a particularized need for a protective order to preserve the interests of confidentiality and privacy in peace officer personnel file records and associated investigative or confidential records for the following reasons.

First, Defendants contend that peace officers have a federal privilege of privacy in their personnel file records: a reasonable expectation of privacy therein that is underscored, specified, and arguably heightened by the *Pitchess* protective procedure of California law.  *See Sanchez v. Santa Ana Police Dept*., 936 F.2d 1027, 1033-1034 (9th Cir. 1990); *Hallon v. City of Stockton*, 2012 U.S. Dist. LEXIS 14665, *2-3, 12-13 (E.D. Cal. 2012) (concluding that "while "[f]ederal law applies to privilege based discovery disputes involving federal claims," the "state privilege law which is consistent with its federal equivalent significantly assists in applying [federal] privilege law to discovery disputes"); *Soto v. City of Concord*, 162 F.R.D. 603, 613 n. 4, 616 (N.D. Cal. 1995) (peace officers have constitutionally-based "privacy rights [that] are not inconsequential" in their police personnel records); *cf*. Cal. Penal Code §§ 832.7, 832.8; Cal. Evid. Code §§ 1040-1047.  Defendants further contend that uncontrolled disclosure of such personnel file information can **threaten the safety of non-party witnesses, officers, and their families/associates**.

Second, Defendants contend that municipalities and law enforcement agencies have federal deliberative-executive process privilege, federal official information privilege, federal law enforcement privilege, and federal attorney-client privilege (and/or attorney work product protection) interests in the personnel files of their peace officers – particularly as to those portions of peace officer personnel files that contain critical self-analysis, internal deliberation/decision-making or evaluation/analysis, or communications for the purposes of obtaining or rendering legal advice or analysis –

potentially including but not limited to evaluative/analytical portions of Internal Affairs type records or reports, evaluative/analytical portions of supervisory records or reports, and/or reports prepared at the direction of counsel, or for the purpose of obtaining or rendering legal advice. *See Sanchez*, 936 F.2d at 1033-1034; *Maricopa Audubon Soc'y v. United States Forest Serv.*, 108 F.3d 1089, 1092-1095 (9th Cir. 1997); *Soto*, 162 F.R.D. at 613, 613 n. 4; *Kelly v. City of San Jose*, 114 F.R.D. 654, 668-671 (N.D. Cal. 1987); *Tuite v. Henry*, 181 F.R.D. 175, 176-177 (D. D.C. 1998); *Hamstreet v. Duncan*, 2007 U.S. Dist. LEXIS 89702 (D. Or. 2007); *Admiral Ins. Co. v. United States Dist. Ct.*, 881 F.2d 1486, 1492, 1495 (9th Cir. 1988). Defendants further contend that such personnel file records are restricted from disclosure by the public entity's custodian of records pursuant to applicable California law and that **uncontrolled release is likely to result in needless intrusion of officer privacy; impairment in the collection of third-party witness information and statements and related legitimate law enforcement investigations/interests; and a chilling of open and honest discussion regarding and/or investigation into alleged misconduct that can erode a public entity's ability to identify and/or implement any remedial measures that may be required**.

Third, Defendants contend that, since peace officers do not have the same rights as other private citizens to avoid giving compelled statements, it is contrary to the fundamental principles of fairness to permit uncontrolled release of officers' compelled statements. *See generally Lybarger v. City of Los Angeles*, 40 Cal.3d 822, 828-830 (1985); *cf.* U.S. Const., amend V.

Accordingly, Defendants contend that, without a protective order preventing such, production of confidential records in the case can and will likely substantially impair and harm defendant public entity's interests in candid self-critical analysis, frank internal deliberations, obtaining candid information from witnesses, preserving the safety of witnesses, preserving the safety of peace officers and peace officers' families and associates, protecting the privacy officers of peace officers, and

preventing pending investigations from being detrimentally undermined by publication of private, sensitive, or confidential information – as can and often does result in litigation.

Plaintiffs agree that there is Good Cause for a Protective Order so as to preserve the respective interests of the parties without the need to further burden the Court with such issues. Specifically, the parties jointly contend that, absent this Stipulation and its associated Protective Order, the parties' respective privilege interests may be impaired or harmed, and that this Stipulation and its associated Protective Order may avoid such harm by permitting the parties to facilitate discovery with reduced risk that privileged and/or sensitive/confidential information will become matters of public record.

1.2.   The parties jointly contend that there is typically a particularized need for protection as to any medical or psychotherapeutic records and autopsy photographs, because of the privacy interests at stake therein. Because of these sensitive interests, a Court Order should address these documents rather than a private agreement between the parties.

1.3.   The parties therefore stipulate that there is Good Cause for, and hereby jointly request that the honorable Court issue/enter, a Protective Order re confidential documents consistent with the terms and provisions of this Stipulation. However, the entry of a Protective Order by the Court pursuant to this Stipulation shall not be construed as any ruling by the Court on the aforementioned legal statements or privilege claims in this section (§ 1), nor shall this section be construed as part of any such Court Order.

**A.     PURPOSES AND LIMITATIONS**.

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this litigation would be warranted. Accordingly, the parties hereby stipulate to and

MANNING | KASS

petition the court to enter the following Stipulation and an associated Order.

The parties acknowledge that this Stipulation and associated Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the specified information or items that are entitled to treatment as confidential.

The parties further acknowledge, as set forth below, that this Stipulation and Order creates no entitlement to file confidential information under seal; Central District Local Rules 79-5.1 and 79-5.2 set(s) forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

Nothing in this Stipulation or associated Order shall be construed so as to require or mandate that any Party disclose or produce privileged information or records that could be designated as Confidential Documents/Protected Material hereunder.

**2.     DEFINITIONS**.

2.1.    Party:  any party to this action, including all of its officers, directors, employees, agents, consultants, retained experts, house counsel and outside counsel (and/or the support staff thereof).

2.2.    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner generated, stored or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced – or generated in disclosures or responses to discovery – by any Party in this matter.

2.3.    "Confidential" Information or Items:  information (regardless of the medium or how generated, stored, or maintained) or tangible things that qualify for protection under standards developed under Federal Rule of Civil Procedure 26(c) and/or applicable federal privileges.  This material includes, but is not limited to, medical records, psychotherapeutic records, and autopsy photographs; as well as peace officer personnel records as defined by California Penal Code sections 832.8,

832.5, 832.7 and the associated case law; and other similar confidential records designated as such.

2.4. <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party, including a Party that has noticed or subpoenaed and is taking a deposition or comparable testimony.

2.5. <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action, including a Party that is defending a deposition noticed or subpoenaed by another Party; additionally, for the limited purpose of designating testimony subject to this Stipulation and Order pursuant to section 6.2(b) (*infra*), a "Producing Party" shall also be construed to include a Party that is attending and/or participating in a non-party deposition noticed/subpoenaed by another Party.

2.6. <u>Designating Party</u>: a Party or non-party public entity employer of a Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.7. <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" under the provisions of this Stipulation and Protective Order. (The term "Confidential Document" shall be synonymous with the term "Protected Material" for the purposes of this Stipulation and any associated Protective Order.)

2.8. <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action (as well as their support staffs).

2.9. <u>House Counsel</u>: attorneys who are employees of a Party (as well as their support staffs).

2.10. <u>Counsel</u> (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.11. <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current

1  employee of a Party and who, at the time of retention, is not anticipated to become an

2  employee of a Party or a competitor of a Party's; as well as any person retained,

3  designated, or disclosed by a Party as an expert pursuant to Federal Rule of Civil

4  Procedure 26(a)(2) or other applicable discovery Rules or statutes.

5       2.12.  <u>Professional Vendors</u>:  persons or entities that provide litigation support

6  services (e.g., photocopying; videotaping; translating; preparing exhibits or

7  demonstrations; and/or organizing, storing, retrieving data in any form or medium;

8  etc.); and their employees and subcontractors.

9  **3.     SCOPE OF PROTECTION**.

10      The protections conferred by this Stipulation and its associated Order cover not

11  only Protected Material/Confidential Documents (as defined above), but also (1) any

12  information copied or extracted from Protected Material; (2) all copies, excerpts,

13  summaries, or compilations of Protected Material; and (3) any testimony,

14  conversations, or presentations by Parties or their Counsel that might reveal Protected

15  Material.  However, the protections conferred by this Stipulation and its associated

16  Order do *not* cover the following information: (a) any information that is in the public

17  domain at the time of disclosure to a Receiving Party or becomes part of the public

18  domain after its disclosure to a Receiving Party as a result of publication not involving

19  a violation of this Order, including becoming part of the public record through trial or

20  otherwise; and (b) any information known to the Receiving Party prior to the

21  disclosure or obtained by the Receiving Party after the disclosure from a source who

22  obtained the information lawfully and under no obligation of confidentiality to the

23  Designating Party.

24      Any use of Protected Material at trial or other court hearings or proceedings

25  shall be governed by the Orders of the trial judge, and the Stipulated Protective Order

26  does not govern the use of Protected Material at trial.

27  **4.     DURATION OF PROTECTION**.

28      Even after final disposition of this litigation, the confidentiality obligations

imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.   DESIGNATION OF PROTECTED MATERIAL/CONFIDENTIAL DOCUMENTS**.

5.1.   <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

Each Party or non-party that designates information or items for protection under this Stipulation and its associated Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routine designations are prohibited.  Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2.   <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection

under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings, and regardless of whether produced in hardcopy or electronic form), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion that it is "CONFIDENTIAL."  The placement of such "CONFIDENTIAL" stamp on such page(s) shall not obstruct the substance of the page's (or pages') text or content and shall be in the margin of the document whenever possible.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)     for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected

testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Producing Party may invoke on the record (before the deposition or proceeding is concluded) a right to have up to twenty (20) days to identify the specific portions of the testimony as "CONFIDENTIAL." Only those portions of the testimony that are appropriately designated as "CONFIDENTIAL" for protection within the 20 days shall be covered by the provisions of this Stipulation and its associated Protective Order.

The court reporter must affix to each such transcript page containing Protected Material the legend "CONFIDENTIAL," as instructed by the Producing Party.

(c)     for information produced in some form other than documentary, and for any other tangible items (including but not limited to information produced on disc or electronic data storage device), that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying the material as "CONFIDENTIAL."

5.3.     Inadvertent Failures to Designate.     If timely corrected (preferably, though not necessarily, within 30 days of production or disclosure of such material), an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not, standing alone, waive the Designating Party's right to secure protection under this Stipulation and its associated Order for such material.

If material is appropriately designated as "CONFIDENTIAL" *after* the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with this Stipulation and its associated Order.

**6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS**.

6.1.    <u>Timing of Challenges</u>.    Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2.    <u>Meet and Confer</u>.  Prior to challenging a confidentiality designation, a Challenging Party shall initiate a dispute resolution process by providing written notice of each specific designation it is challenging, and describing the basis (and supporting authority or argument) for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the associated Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue, either in person, telephonically, or by other comparable means, but *not* by correspondence) within 14 days of the date of service of notice.

In conferring, the Challenging Party must explain the specific basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

Frivolous challenges, and those challenges made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties), may expose

the Challenging Party to sanctions.

6.3.    <u>Judicial Intervention</u>.    If the Parties cannot resolve a confidentiality challenge without court intervention, the Challenging Party shall file and serve a motion to remove confidentiality (under the applicable rules for filing and service of discovery motions) within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, or by the first day of trial of this matter, whichever date is earlier – unless the parties agree in writing to a longer time.

The parties must strictly comply with Central District Local Rules 37-1 and 37-2 (including the joint stipulation re discovery dispute requirement) in any motion associated with this Protective Order.  Any motion challenging a party's designation of material as Confidential Information or seeking to modify or amend the proposed protective order must be brought at a time consistent with the Court's Scheduling Order and in strict compliance with Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement).

Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party, regardless of whether the Designating Party is the moving party or whether such Party sought or opposes judicial intervention. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to oppose a motion to remove confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

6.4.   <u>Withdrawal of "CONFIDENTIAL" Designation</u>.   At its discretion, a Designating Party may remove Protected Material/Confidential Documents from some or all of the protections and provisions of this Stipulation and its associated Order at any time by any of the following methods:

(a)   <u>Express Written Withdrawal</u>.   A Designating Party may withdraw a "CONFIDENTIAL" designation made to any specified Protected Material /Confidential Documents from some or all of the protections of this Stipulation and its associated Order by an express withdrawal in a writing signed by such Party (or such Party's Counsel, but <u>not</u> including staff of such Counsel) that specifies and itemizes the Disclosure or Discovery Material previously designated as Protected Material/Confidential Documents that shall no longer be subject to all or some of the provisions of this Stipulation and Order.   Such express withdrawal shall be effective when transmitted or served upon the Receiving Party.   If a Designating Party is withdrawing Protected Material from only some of the provisions/ protections of this Stipulation and Order, such Party must state which specific provisions are no longer to be enforced as to the specified material for which confidentiality protection hereunder is withdrawn: otherwise, such withdrawal shall be construed as a withdrawal of such material from all of the protections/provisions of this Stipulation and Order;

(b)   <u>Express Withdrawal on the Record</u>.   A Designating Party may withdraw a "CONFIDENTIAL" designation made to any specified Protected Material/Confidential Documents from all of the provisions/protections of this Stipulation and its associated Order by verbally consenting in court proceedings on the record to such withdrawal – provided that such withdrawal specifies the Disclosure or Discovery Material previously designated as Protected Material/ Confidential Documents that shall no longer be subject to any of the provisions of this Stipulation and Order.   A Designating Party is not permitted to withdraw Protected Material from only some of the protections/provisions of this Stipulation and Order

1   by this method;

2          (c)     <u>Implicit Withdrawal by Publication or Failure to Oppose Challenge</u>.  A

3   Designating Party shall be construed to have withdrawn a "CONFIDENTIAL"

4   designation made to any specified Protected Material/Confidential Documents from

5   all of the provisions/protections of this Stipulation and Order by either (1) making

6   such Protected Material/Confidential Records part of the public record – including

7   but not limited to attaching such as exhibits to any filing with the court without

8   moving, prior to such filing, for the court to seal such records; or (2) failing to timely

9   oppose a Challenging Party's motion to remove a "CONFIDENTIAL" designation to

10  specified Protected Material/Confidential Documents.  Nothing in this Stipulation and

11  Order shall be construed so as to require any Party to file Protected

12  Material/Confidential Documents under seal, unless expressly specified herein.

13  **7.     ACCESS TO AND USE OF PROTECTED MATERIAL**.

14         7.1.    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is

15  disclosed or produced by another Party or by a non-party in connection with this case

16  only for preparing, prosecuting, defending, or attempting to settle this litigation – up

17  to and including final disposition of the above-entitled action – and not for any other

18  purpose, including any other litigation or dispute outside the scope of this action.

19  Such Protected Material may be disclosed only to the categories of persons and under

20  the conditions described in this Stipulation and its associated Order.  When the above

21  entitled litigation has been terminated, a Receiving Party must comply with the

22  provisions of section 11, below (FINAL DISPOSITION).

23         Protected Material must be stored and maintained by a Receiving Party at a

24  location and in a secure manner that ensures that access is limited to the persons

25  authorized under this Stipulation and its Order.

26         7.2.    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.     Unless

27  otherwise ordered by the Court or permitted in writing by the Designating Party, a

28  Receiving Party may disclose any information or item designated CONFIDENTIAL

14

**STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS**

only to:

(a)   the Receiving Party's Outside Counsel of record in this action, as well as employees of such Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)   the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation – each of whom, by accepting receipt of such Protected Material, thereby agree to be bound by this Stipulation and Order;

(c)   Experts (as defined in this Stipulation and Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation – each of whom, by accepting receipt of such Protected Material, thereby agree to be bound by this Stipulation and Order;

(d)   court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation – each of whom, by accepting receipt of such Protected Material, thereby agree to be bound by this Stipulation and Order;

(e)   during their depositions, witnesses in the action to whom disclosure is reasonably necessary – each of whom, by accepting receipt of such Protected Material, thereby agree to be bound by this Stipulation and Order.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must have a confidential designation affixed by the court reporter to such pages containing Protected Material and such may not be disclosed to anyone except as permitted under this Stipulation and its Protective Order.

(f)   the author or custodian of a document containing the information that constitutes Protected Material, or other person who otherwise possessed or knew the information.

(g)   the court and its personnel, including court reporters and their staff. Protected Material may be disclosed to the court and its personnel without requiring

**STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS**

1  such persons to agree to be bound by the Stipulation and Order.

2      (h)   any mediator or settlement officer, and their supporting personnel,

3  mutually agreed upon by any of the parties engaged in settlement discussions.

4

5  **8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.**

6

7      If a Party is served with a subpoena or a court order issued in other litigation

8  that compels disclosure of any information or items designated in this action as

9  "CONFIDENTIAL," that Party must:

10     (a)   promptly notify in writing the Designating Party, preferably (though not

11  necessarily) by facsimile or electronic mail.  Such notification shall include a copy of

12  the subpoena or court order at issue;

13     (b)   promptly notify in writing the party who caused the subpoena or order to

14  issue in the other litigation that some or all of the material covered by the subpoena

15  or order is subject to this Stipulation and its Protective Order.  Such notification shall

16  include a copy of this Stipulation and its Protective Order; and

17     (c)   cooperate with respect to all reasonable procedures sought to be pursued

18  by all sides in any such situation, while adhering to the terms of this Stipulation and

19  its Order.

20     If the Designating Party timely seeks a protective order, the Party served with

21  the subpoena or court order shall not produce any information designated in this action

22  as "CONFIDENTIAL" before a determination by the court from which the subpoena

23  or order issued, unless the Party has obtained the Designating Party's permission. The

24  Designating Party shall bear the burden and expense of seeking protection in that court

25  of its confidential material – and nothing in these provisions should be construed as

26  authorizing or encouraging a Receiving Party in this action to disobey a lawful

27  directive from another court.

28     The purpose of this section is to ensure that the affected Party has a meaningful

16

opportunity to preserve its confidentiality interests in the court from which the subpoena or court order issued.

**9.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**.

   9.1.   Unauthorized Disclosure of Protected Material.

   If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulation and Order, the Receiving Party must immediately:

   (a) notify in writing the Designating Party of the unauthorized disclosures;

   (b) use its best efforts to retrieve all copies of the Protected Material;

   (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and

   (d) request such person or persons consent to be bound by the Stipulation and Order.

   9.2.   Inadvertent Production of Privileged or Otherwise Protected Material.

   When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

**10.    PUBLICATION OF PROTECTED MATERIAL PROHIBITED**.

   10.1.  Filing of Protected Material.

   Without advance written permission from the Designating Party, or a court order secured after appropriate notice to all interested persons, a Receiving Party may

not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with the applicable Federal and Local Rules.

      10.2.  <u>Public Dissemination of Protected Material</u>.

A Receiving Party shall not publish, release, post, or disseminate Protected Material to any persons except those specifically delineated and authorized by this Stipulation and its Order (see section 7, *supra*); nor shall a Receiving Party publish, release, leak, post, or disseminate Protected Material/Confidential Documents to any news media, member of the press, website, or public forum (except as permitted under section 7.5 regarding filings with the court in this action and under seal).

**11.    FINAL DISPOSITION**.

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2)affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in

Section 4 (DURATION).

**12.   MISCELLANEOUS**.

12.1. <u>Right to Further Relief</u>.   Nothing in this Stipulation and its Order abridges the right of any person to seek its modification by the Court in the future.

12.2. <u>Right to Assert Other Objections</u>.   By stipulating to the entry of a Protective Order pursuant to this Stipulation, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulation and its Order.  Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by this Stipulation and its Protective Order.

12.3. This Stipulation may be signed in counterpart and a facsimile or electronic signature shall be as valid as an original signature.

**IT IS SO STIPULATED**.

DATED:  August 3, 2023          **MANNING & KASS**
                                **ELLROD, RAMIREZ, TRESTER LLP**


                                By:  _____*/s/ Kayleigh A. Andersen*_____
                                     Eugene P. Ramirez, Esq.
                                     Kayleigh A. Andersen, Esq.
                                     Attorneys for Defendants


DATED:  August 3, 2023          **LAW OFFICES OF DALE K. GALIPO**


                                By:  _____*/s/ Renee Valentine*_____
                                     Dale K. Galipo, Esq.
                                     Renee Valentine, Esq.
                                     Attorneys for Plaintiffs



1 | FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

2

3 | DATED:  _August 04, 2023_

4

5

6 | _____

7 | HON. KENLY KIYA KATO
United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MANNING | KASS

**STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS**

## EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____[print or type full name], of _____[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____[date] in the case of **Louie Soria, et al. v. County of San Bernardino, et al., Case No. 5:22-CV-01958-JGB-KK**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature:_____

**STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS**